In re Kevin D. BROWN, Debtor.

Paul D. GRESK, Trustee, Plaintiff,

v.

Jimmy E. BROWN and Hattie M. Brown, Defendants.

Bankruptcy No. 96–8284–RLB–7.
Adversary No. 97–160.

United States Bankruptcy Court,
S.D. Indiana,
Indianapolis Division.

Aug. 27, 1998.

876

Paul D. Gresk, Gresk & Singleton, Indianapolis, IN, for trustee.

Jimmy E. Brown and Hattie M. Brown, Indianapolis, IN, for advisory defendants pro se.

### ENTRY ON MOTION FOR SUMMARY JUDGMENT

ROBERT L. BAYT, Bankruptcy Judge.

This matter is before the Court on the Motion for Summary Judgment ("Motion for Summary Judgment"), filed by Paul D. Gresk, Trustee (the "Trustee") on July 20, 1998. The Court, having reviewed the Motion for Summary Judgment, the Stipulation of Facts ("Stipulation of Facts") filed by the parties on September 26, 1997, and the briefs and affidavits of the parties, now makes the following Entry.

Kevin D. Brown (the "Debtor") filed a petition under Chapter 7 on September 3, 1996. The Trustee filed the complaint ("Complaint") that initiated this adversary proceeding on April 17, 1997. In the Complaint, the Trustee alleges that a certain "transfer" of real property from the Debtor to the debtor's parents in July of 1996, is in the nature of a preference pursuant to 11 U.S.C. § 547.[1]

---

1. In the Complaint, the Trustee further alleges that the "transfer" to the Debtor's Parents is in the nature of a fraudulent transaction pursuant to 11 U.S.C. § 548. Because the Trustee does not raise the fraudulent transfer issue in the Motion for Summary Judgment, the Court does not address the fraudulent transfer issue hereinunder.

### The Facts

The facts set out hereinunder are drawn from the affidavits of the parties, and from the parties' Stipulation of Facts.[2]

In December of 1990, the Debtor and his former spouse purchased a home (the "Marital Residence") from Anthony Louis Schick ("Mr. Schick"). Several months later, Mr. Schick decided to sell two lots near the Marital Residence. At some point the Debtor and his former spouse decided to purchase one of the lots (the "7 Acre Lot") that Mr. Schick was selling. The debtor's parents, the defendants in this adversary proceeding (the "Debtor's Parents"), provided $25,000 for the purchase of the 7 Acre Lot. The 7 Acre Lot was titled in the names of the Debtor and the Debtor's former spouse, and remained so titled when the Debtor and his former spouse decided to divorce several years later.

The Debtor and his former spouse contested many issues in the dissolution proceeding, including the disposition of the 7 Acre Lot. The parties disputed whether the 7 Acre Lot was marital property, and if so, how it should be divided.[3] After a contested hearing, the dissolution court (the "Dissolution Court") issued its decree on June 18, 1996 (the "Dissolution Decree"), which provided as follows with respect to the 7 Acre Lot:

> 26. The parties dispute whether or not the Lot they acquired next to the marital residence is marital property, and if so

how it should be divided.... The Lot next to the marital residence was purchased with funds provided by the Respondent's parents, Jimmy E. Brown and Hattie Brown. Respondent's parents provided Twenty-five Thousand Dollars ($25,000.00) with the expectation that the Lot would be titled in their names. Respondent caused the real estate to be titled in the names of Kevin D. Brown and Danielle M. Brown, Husband and Wife. Both parties should be ordered to immediately reconvey the Lot to the Respondent's parents, and the Court finds that the parties herein have held title to the real estate as constructive trustees for Jimmy E. Brown and Hattie Brown, and the Court finds that the Lot is not marital property.

Exhibit 4 to Trustee's Brief, Dissolution Decree, paragraph 26.

Pursuant to the Dissolution Court's directive, the Debtor and his former spouse executed a deed for the 7 Acre Lot (the "Deed") to the Debtor's Parents on July 2, 1996.

### The Allegations of the Trustee and the Debtor

The Trustee alleges in the instant Motion for Summary Judgment that the execution of the Deed was a "transfer" of the Debtor's property that occurred within 90 days of the filing of the Debtor's bankruptcy petition,

---

2. The parties' Stipulation of Facts provides as follows:

 1. That on October 25, 1991 the Defendants [Jimmy E. Brown and Hattie M. Brown, hereinafter referred to as the "Debtor's Parents"] loaned the sum of $1,000 to Kevin Brown

 . . . .

 2. That on November 23, 1991 the [Debtor's Parents] loaned the sum of $24,000 to Kevin Brown....

 3. That Kevin Brown is the natural son of [Jimmy E. Brown and Hattie M. Brown].

 4. That on or about January 2, 1992 Kevin Brown and his wife, Danielle Brown purchased approximately 7.0 acres of real estate from Anthony Louis Schick for $25,000.

 5. That Kevin Brown was divorced from his wife, Danielle Brown, in an order issued by the Monroe County Circuit Court dated June 18, 1996.

 6. In that decree the Court ordered that Kevin and Danielle Brown transfer the property pur-

chased from Anthony Louis Schick back to the [Debtor's Parents].

 7. On July 2, 1996, pursuant to the order of the Monroe County Circuit Court, Kevin Brown and Danielle Brown executed a Warranty Deed conveying the Real Estate to the [Debtor's Parents].

 8. The aforementioned Warranty Deed was recorded with the office of the Monroe County Recorder on July 11, 1996

 . . . .

 9. That no other money or other property was exchanged in consideration of the transfer of Real Estate.

3. Based on the refusal by the Debtor's former spouse to voluntarily execute a deed for the 7 Acre Lot to the Debtor's Parents, the Court assumes that the Debtor's former spouse took the position that she should be awarded the 7 Acre lot as part of her share of the marital assets.

and that it should be avoided as a preference pursuant to Section 547.

The Debtor alleges that the transaction in issue was not a preferential transfer. According to the Debtor, state law controls the issue of whether a particular piece of property belongs to the debtor, and here, the Dissolution Court determined that the 7 Acre Lot did *not* belong to the Debtor and his former spouse.[4] According to the Debtor, the entry of the Dissolution Decree and the execution of the Deed to the Debtor's Parents were not a transfer of the Debtor's property, but rather, were simply a recognition of the ownership interest that the Debtor's Parents enjoyed with respect to the 7 Acre Lot.

### Section 547 and the Avoidance of Preferential Transfers

Section 547(b) provides that a transfer of property of the debtor may be avoided if the following elements are proven:

(b) ... the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition....

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(c) such creditor received payment of such debt to the extent provided by the provisions of this title.

The United States Supreme Court has described the policy behind Section 547 as follows:

Equality of distribution among creditors is a central policy of the Bankruptcy Code. According to that policy, creditors of equal priority should receive pro rata shares of the debtor's property.... Section 547(b) furthers this policy by permitting a trustee in bankruptcy to avoid certain preferential payments made before the debtor files for bankruptcy. This mechanism prevents the debtor from favoring one creditor over others by transferring property shortly before filing for bankruptcy. Of course, if the debtor transfers property that would not have been available for distribution to his creditors in a bankruptcy proceeding, the policy behind the avoidance power is not implicated. The reach of [Section] 547(b)'s avoidance power is therefore limited to transfers of 'property of the debtor.'

*Begier v. I.R.S.*, 496 U.S. 53, 110 S.Ct. 2258, 2262–2263, 110 L.Ed.2d 46 (1990) (holding that the debtor's payments of taxes withheld from wages and collected from its customers, were transfers of property held in trust for a third party, and were not transfers of "property of the debtor").

### The Transaction in Issue Here Was Not a Preference

For the reasons set out below, the Court concludes that the transaction in issue here was not a preference, because:

a) Res judicata prevents a re-examination of the Dissolution Court's decision regarding ownership of the 7 Acre Lot;

b) The transaction in issue resulted from an action taken by the Dissolution Court (rather than by the Debtor), and therefore, could not have been a preference; and

---

4. The Dissolution Court found that the Debtor and his former spouse held title to the 7 Acre Lot as "constructive trustees" for the Debtor's Parents.

The United States Supreme Court held in *Begier v. I.R.S.*, 496 U.S. 53, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990), that property held in trust is neither property of the estate, nor property of the debtor.

Because the debtor does not own an equitable interest in property he holds in trust for anoth-

er, that interest is not 'property of the estate'. Nor is such an equitable interest 'property of the debtor' for purposes of [Section] 547(b). *Begier*, 110 S.Ct. at 2263. *See also In re Unicom Computer Corp.*, 13 F.3d 321 (9th Cir.1994) (deposit of funds into the debtor's account by mistake and subsequent repayment to the client is not a preference if applicable state law would have imposed a constructive trust on the funds).

c) The transaction in issue involved property (the 7 Acre Lot) that was not property of the Debtor, and therefore, the transaction could not have been a preference.

### a) *Res Judicata Applies in the Circumstances of this Case*

The Trustee argues that res judicata does not apply to prevent this Court from re-examining the issue of the ownership of the 7 Acre Lot. According to the Trustee, the 7 Acre Lot was incorrectly awarded to the Debtor's Parents by the Dissolution Court, and should now be turned over to the Trustee for distribution to creditors.

 When a bankruptcy petition is filed, a bankruptcy estate is created. *See* 11 U.S.C. § 541.[5] The trustee succeeds to the property interests of the debtor, and has no more interest in property than the debtor enjoyed prior to filing the bankruptcy petition. As the Ninth Circuit stated in *Matter of Paderewski*, 564 F.2d 1353 (9th Cir.1977),

> The trustee is given only those interests in property possessed by the bankrupt under state law.

*Paderewski*, 564 F.2d at 1356.

 Under Indiana law, once the dissolution of the Debtor's marriage was final, the Dissolution Decree was res judicata as to the Debtor and the Debtor's former spouse.[6] The Trustee's ability to attack the Dissolution Decree is derivative of the Debtor's right to attack the decree, and because the Debtor had no right on the day he filed his bankruptcy petition to attack the Dissolution Court's decision regarding the 7 Acre Lot, the Trustee is similarly restricted from attacking the Dissolution Court's decision regarding the 7 Acre Lot.

The Trustee argues that res judicata should not apply to restrict the Trustee from attacking the Dissolution Decree, because the Trustee was not a party to the dissolution, and did not have an opportunity to contest the issues before the Dissolution Court. Res judicata principles, however, preclude the Trustee from contesting the ownership of the 7 Acre Lot at this point. Here, as in any bankruptcy case, the Trustee's rights with respect to the property of the estate are no more than *derivative* of the rights the Debtor had on the date he filed his petition. The Trustee must take the facts as he finds them, given that he succeeds to the property rights of the Debtor pursuant to Section 541.

Other courts have applied res judicata to defeat a preference action by a trustee, where the debtor's divorce was final prior to the bankruptcy filing. In *In re Keller*, 185 B.R. 796 (9th Cir. BAP 1995), the Chapter 7 trustee filed a preference complaint to recover adjustments that the state divorce court had made to the debtor's share of the proceeds from the sale of the marital residence. In rejecting the Chapter 7 trustee's preference allegations, the 9th Circuit BAP stated that

> [T]he trustee may recover a preferential transfer only where the transfer was of 'an interest of the debtor in property'....
>
> Once dissolution has been accomplished ... the final judgment is *res judicata* as to the division of property and is binding on the bankruptcy trustee.... 'Property interests are created and defined by state law.' *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). The bankruptcy court therefore must look to state law to determine the nature of the estate's property rights.

*Keller*, 185 B.R. at 799–800 (citations omitted). If, as the *Keller* court holds, a trustee cannot attack a *division of property allocating property between a debtor and his former spouse*, then surely, the Trustee cannot here attack the Dissolution Court's decision

---

5. Section 541(a)(1) provides that the estate includes, *inter alia*, "all legal or equitable interests of the debtor in property as of the commencement of the case".

6. *See Voigt v. Voigt*, 645 N.E.2d 623 (Ind.App. 1994) (finding that the Indiana legislature in-

tends finality for dissolution decrees as they relate to the disposition of property); *see also* Indiana Code Section 31–15–7–9.1 (providing that "orders concerning property disposition ... may not be revoked or modified, except in case of fraud").

that the Debtor's Parents are the true owners of the 7 Acre Lot, and that the Debtor and his former spouse had no property interest in the 7 Acre Lot.

For the reasons set out above, it is the conclusion of the Court that res judicata prevents this Court from re-examining the nature of the ownership of the 7 Acre Lot.

b) *The Transaction in Issue Resulted from an Action Taken by the Dissolution Court, Not from an Action Taken by the Debtor*

■ A preference occurs when a debtor *chooses* to favor one creditor over another, in derogation of the rules for property distribution set out in the Bankruptcy Code. The transaction in issue here did not result from a *choice* by the Debtor, but rather, resulted from a decision by a state court as to the ownership of a piece of property, i.e., the 7 Acre Lot. The Dissolution Court decided that the Debtor and his former spouse were merely constructive trustees for the benefit of the Debtor's Parents, and that the Debtor and his former spouse had no ownership interest in the 7 Acre Lot. Thereafter, the Dissolution Court ordered the Debtor and his former spouse to convey the 7 Acre Lot to the Debtor's Parents.

At least one other court has taken a position similar to the position taken by the Court today, when faced with similar facts. In *In re Watson,* 192 B.R. 238 (Bankr.D.Nev. 1996), the debtor's divorce was final prior to the filing of the debtor's bankruptcy petition. The bankruptcy trustee in *Watson* wanted to "undo" the property division previously made by the dissolution court. The *Watson* court focused on the fact that the transaction in issue was not a *choice* by the debtor.

> In the case at bar the property rights of the Debtor were adjudicated before the Debtor's filing. The trustee argues that the Utah divorce decree constitutes a preference under [Section 547] as an award within the time limit of that section.... [T]he Utah decree was not a transfer of property between debtor and his former wife; *it is a division of marital property* giving the wife her ownership share of property of the marriage.

*Watson,* 192 B.R. at 241 (emphasis added). Here, as in *Watson,* the transaction in issue

resulted from an action taken by an entity other than the debtor, *i.e.,* the dissolution court. The holding in *Watson* supports the Court's decision today that the transaction in issue here is not in the nature of a preference.

c) *The Transaction in Issue Involved Property that was Not Property of the Debtor*

■ The Dissolution Court found (and this Court must accept, pursuant to the doctrine of res judicata), that the Debtor's Parents were the owners of the 7 Acre Lot, and that the Debtor and his former spouse only held the 7 Acre Lot as constructive trustees for the Debtor's Parents. Accordingly, the transfer of the 7 Acre Lot from the Debtor and his former spouse, to the Debtor's Parents, was not a transfer of "property of the debtor". Given that the transfer was not a transfer of property of the debtor, the transfer could not have been in the nature of a preference.

■ The aim of preference law, in the bankruptcy context, is to make available to the Debtor's creditors all property that would have been available to the creditors absent a bankruptcy filing. Here, had one of the Debtor's unsecured creditors pursued a collection action against the Debtor, given the fact that the Debtor's Parents were the "true" owners of the 7 Acre Lot, the creditor could not have attached the 7 Acre Lot. Allowing the Debtor's Parents to keep the 7 Acre Lot does not take anything away from the Debtor's creditors, that they could have reached absent a bankruptcy filing.

For all the foregoing reasons, it is the conclusion of the Court that the court-ordered transfer of the 7 Acre Lot to the Debtor's Parents is not in the nature of a preferential transfer. The Trustee's Motion for Summary Judgment should be denied.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and hereby is, DENIED. The Court further DECLARES that the transfer of the 7 Acre Lot from the Debtor and his former spouse to the Debtor's

Parents, is not in the nature of a preferential transfer pursuant to 11 U.S.C. § 547(b).